# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7046 | **DATE** | 3/10/2000 |
| **CASE TITLE** | EQUIS CORPORATION vs. THE STAUBAUCH COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the memorandum opinion and order Staubach's motion to dismiss [4-1] is denied as to Counts I and III but granted as to Count II.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 13 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 11 |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EQUIS CORPORATION, as
Illinois Corporation,

    Plaintiff,

No. 99 C 7046
Judge Ronald A. Guzman

THE STAUBACH COMPANY, a
Texas Corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is defendant, The Staubach Company's motion to dismiss plaintiff, Equis Corporation's complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below this motion is denied as to Counts I and III but granted as to Count II.

## BACKGROUND FACTS

Plaintiff, Equis Corporation ("Equis") has filed a three-count complaint against defendant, Staubach asserting claims for (i) tortious interference with contract, (ii) defamation per quod, and (iii) defamation per se. Equis complains that Staubach attempted to recruit its brokers and/or salespersons despite the fact that these brokers and/or salespersons had valid and enforceable Service Agreements with Equis which contained non-compete clauses. In addition,

1

representatives of Staubach advised Equis' representatives that other employees/representatives would be leaving Equis because of Equis' purported financial instability. As a result of the above conduct one of Equis' sales representatives, Gary McCourt, did terminate his employment relationship with Equis to join Staubach and as a result Equis has suffered damages. Equis also complains that Staubach attempted to solicit its customers.

## DISCUSSION

In considering a Rule 12(b)96) motion to dismiss, this court must accept as true all well pleaded factual allegations in the complaint and view them, along with all reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *Cornfield v. Consolidated High School District No. 230*, 991 F. 2d 1316, 1324 (7th Cir. 1993). A motion to dismiss may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-16, 78 S. Ct. 99, 102 (1957). A plaintiff may plead conclusions but those conclusions "must provide the defendant with at least minimal notice of the claim." *Jackson v. Marion County*, 66 F. 3d 151, 154 (7th Cir. 1995).

Staubach first moves to dismiss Count I of Equis' complaint. Count I alleges that Staubach is liable for "for tortious interference with contract." Staubach argues that Count I should be dismissed because it fails to allege (i) Staubach's awareness of any contractual relationship, (ii) Staubach's intentional and unjustifiable inducement of a breach of contract and/or (iii) a breach caused by Staubach's wrongful conduct.

To state a cause of action for tortuous interference with contract a plaintiff must allege: (1) the existence of a valid and enforceable contract between the plaintiff and another, (ii) the

2

defendant's awareness of this contractual relationship; (iii) the defendant's intentional and unjustified inducement of a breach of the contract; (iv) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (v) damages. *HPI Health care Serv., Inc. v. Mt. Vernon Hosp. Inc.,* 131 Ill. 2d 145, 154, 545 N.E. 2d. 672, 675 (1989).

Federal notice pleading standards do not require plaintiffs to plead these elements, because "[m]atching facts against legal elements comes later. *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F. 3d 247, 251 (7th Cir. 1994). Equis' allegations easily put Staubach on notice of their tortious interference claim, and therefore, survive this motion to dismiss. Paragraph 6 of Equis' complaint alleges that Staubach was aware that Service Agreements had been entered into between Equis and its brokers and that these Service Agreements typically contained non-competition provisions and other restrictions. In addition, Paragraphs 7 -9 allege that notwithstanding this knowledge Staubach intentionally attempted to recruit Equis' brokers and customers, did in fact recruit one broker, and a breach was caused by Staubach's wrongful conduct. Staubach's first argument confuses Illinois pleading requirements with those of the Federal Rules of Civil Procedure. Federal courts require that "a complaint include only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' " not detailed and specific facts as are required in Illinois state court. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 133 S. Ct. 1160, L.Ed.2d 517 (1993). Equis alleges as part of its tortious interference claim, that Staubach was aware that there existed legally enforceable contracts between Equis and its brokers and induced a breach thereof. The complaint also describes the course of conduct Staubach engaged in when it intentionally and unjustifiably induced the breach, i.e. impugning Equis' viability,

3

advising Equis' representatives that other representatives would be leaving, and telling one Equis customer that Equis was financially unstable. Staubach's reliance on *Paul v. Premier Electrical Construction Company,* 581 F. Supp. 721 (1984) is misplaced. In the *Paul* case, the complaint was devoid of any factual allegations other than the elements. *Id.* at 723. Whether Equis has a "winning claim" is a separate question that will be answered in due course, but given the liberal notice pleading standard under Federal Rule of Civil Procedure 8(a) the Court finds that Count I survives Staubach's motion to dismiss.

In Count II Equis alleges that the conduct and statements engaged in by Staubach constitutes defamation per quod. A statement is considered defamatory per quod if (1) the defamatory character of the statement is not apparent on its face, and extrinsic facts are required to explain its defamatory meaning; or (2) the defamatory character of the statement is apparent on its face, but the statement does not fit within any of the recognized defamation per se categories. See *Bryson v. News America Publications, Inc.,* 174 Ill. 2d 77, 88, 220 Ill. Dec. 195, 672 N.E. 2d 1207 (1996). Defendant's only basis for moving to dismiss Count II is its claim that plaintiff has failed to adequately plead special damages. To state a defamation per quod claim, plaintiffs must, indeed, adequately plead special damages. See, *Bryson,* 174 Ill. 2d at 103, 220 Ill. Dec. 195, 672 N.E. 2d 1207. The very nature of a defamation per quod action is that special damages must be plead with particularity because they are not presumed. *Dubinsky v. United Airlines Master Executive Council,* 708 N.E. 2d 441, 447, 303 Ill. App. 317, 236 Ill. Dec. 855 (1st Dist. 1999). Staubach relies primarily on *Taradash v. Adelet/Scott-Fetzer Company,* 260 Ill. App. 3d 313, 628 N.E. 2d 884, 195 Ill. Dec. 420 (1993) for the proposition that an allegation of "general economic loss" is insufficient to support a per quod damage claim. Equis

4

claims that it has sufficiently set forth special damages based upon the fact that McCort terminated his employment with Equis and its reputation has been damaged. We find this pleading insufficient as a matter of law. "General allegations such as damage to one's health or reputation, economic loss, and emotional distress are insufficient to state a cause of action for defamation per quod." *Becker v. Zellner*, 292 Ill. App. 3d 116, 684 N.E. 2d 1378, 226 Ill.Dec. 454 (2nd Dist. 1977). Nor does the allegation that a specific named sales representative left Equis as a result of defendant's alleged actions suffice. Pleading the loss of an employee is not the same as pleading the loss of a specific client or customer. The latter necessarily implies loss of profits, the former does not. Indeed, the loss of employee may or may not result in economic loss to accompany. The allegations in Equis' complaint fall squarely into the general allegations of loss described in *Becker*. Further, Equis reliance on *Halpern v. News-Sun Broadcasting Co.*, 53 Ill. App. 3d 644, 368 N.E. 2d 1062 (2nd Dist. 1977) and *Becker v. Zellner*, 292 Ill. App. 3d 116, 684 N.E. 2d 1378 (2nd Dist. 1997) is weak at best. In both *Halpern* and *Becker*, the plaintiff's complaint properly established special damages by alleging that it *lost income it was already receiving* as a result of plaintiff's defamatory statements. In *Becker* it was alleged that a third party actually stopped doing business with the plaintiff and, as such, plaintiff lost revenue it would otherwise have. *Becker* at 1389. *Halpern* involved a nursing home that lost patients as a result of a newspaper article. *Helpern* at 1069. The allegations contained in Equis' complaint fall short of what was pled in *Halpern* and *Becker*. All Equis claims here is (i) that it's reputations in the business community was damaged and (ii) as a result of the departure of one of it's sales representatives Equis possibly lost future damages. This general damage allegation is insufficient for purposes of pleading defamation per quod.

5

In Count III Equis sets forth a claim for defamation per se. A statement is defamatory per se if it is "so obviously and naturally harmful to the person to whom it refers that a showing of special damages in unnecessary." *Owen v. Carr*, 113 Ill. 2d 273, 277, 100 Ill. Dec. 783, 497 N.E. 2d 1145 (1986). Under Illinois common law, four categories of statements are considered defamatory per se and give rise to a cause of action for defamation without a showing of special damages: "(1) words that impute the commission of a criminal offense; (2) words that impute infection with a loathsome communicable disease; (3) words that impute an inability to perform or want of integrity in the discharge of duties of office or employment; or (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession or business." *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 88, 220 Ill. Dec. 195, 672 N.E. 2d 1207 (1996).

Even if a statement fits within one of the four categories, however, no cause of action will exist if the statement can also reasonably be given an innocent construction. *Bryson*, 174 Ill.2d at 90, 220 Ill. Dec. 195, 672 N.E.2d 1207. The Illinois Supreme Court clarified how courts should apply this rule: "The innocent construction rule requires courts to consider a written or oral statement in context, giving the words, and their implications, their natural and obvious meaning. If, so construed, a statement 'may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff, it cannot be actionable per se.'" *Id.* 174 Ill. 2d at 90, 220 Ill. Dec. 195, 672 N.E. 2d 1207, quoting *Chapski v. Copely Press*, 92 Ill. 2d 344, 352, 65 Ill. Dec. 884, 442 N.E. 2d 195 (1982). Whether a statement is defamatory per se is a question of law decided by the trial court. See *Quilici v. Second Amendment Foundation*, 769 F. 2d 414, 417 (7th Cir. 1995).

Equis alleges that Staubach attempted to recruit Equis' brokers and/or sales people and to

6

solicit Equis' customers by impugning Equis' viability and advising Equis representatives and customers that Equis was financially unstable. This court concludes that a natural reading of the statements alleged in the complaint is that Staubach's statements impute that Equis lacks ability in its trade or business. That there is no other reasonable interpretation is obvious once one takes into account the context of the alleged statements and to whom the statements were made. As such, Staubach's statements squarely fit within the third and fourth categories of per se defamatory words. For a business, accusations of mismanagement or financial instability, such as an allegation that an entity is going out of business, and will not be able to fill its orders are per se defamation. *Brown & Williamson Tobacco,* 713 F. 2d at 269 (citing *Continental Nut Co. v. Robert L. Berner Co.,* 345 F. 2d 395, 397 (7th Cir. 1965). Accordingly, Staubach's motion to dismiss Count III is denied.

## CONCLUSION

For the reasons set forth above Staubach's motion to dismiss (#4-1) is denied as to Counts I and III but granted as to Count II.

SO ORDERED

ENTERED: 3/10/00

HON. RONALD A. GUZMAN
United States Judge

7